# Brooke *versus* Phillips.

1. A decree of a court of equity for the payment of money cannot be transferred to another county for the purpose of lien and execution as in the case of a judgment at law.

2. The 1st sect. of the Act of 29th of March 1859, only gives a decree in equity the force and effect of a common law judgment as to *lien and revival* when entered in the judgment or lien docket of the *proper county* and not for the purpose of transfer to another county.

November 23d 1876.   Before Agnew, C. J., Sharswood, Gordon, Paxson and Woodward, JJ. Williams and Mercur, JJ., absent.

Error to the Court of Common Pleas, of *Lawrence county*: Of October and November Term 1875, No. 307.

This writ of error was taken by Robert L. Brooke and William Barrington, who complained of the decree of the court striking off the exemplification of the record of a decree in equity at Nisi Prius, against Isaac N., Charles M., Thomas W. and John Phillips, which exemplification had been entered in the Common Pleas of Lawrence county.

The proceedings are set forth in the opinion of this court.

The question for decision was, whether a decree in equity for payment of money merely may be transferred to another county for the purpose of lien and execution.

*S. W. Dana, John McMichael, B. W. Lacy, Edward H. Weil,* and *William L. Hirst*, with whom was *John G. Johnson*, for plaintiffs in error.—We submit that the decree was within the provisions of the Act of the 16th of April 1840, Pamph. L. 14, Purd. 821, for these reasons:—

1. A decree for payment of money merely, though entered on the equity side of the court, is in substance, if not in form, a judg-

ment.  It is rendered by the same court, enforced by the same
process of execution, and required to be entered in the judgment
index on the common law side of the court.  See rule 80 of the
Rules of Equity Practice adopted in 1844, and rule 80 of the new
Equity Rules.  Such decrees without this rule were judgments in
*substance*, under it they become judgments in *form*.

This court certainly intended and considered that they should
have the force of common law judgments so far as lien on land
was concerned, or they would not have directed them to be entered
in the judgment index.  That index is a lien index, amd its sole
object is to give notice of liens ; and if a decree is not a judgment
for purposes of *lien*, there is no conceivable reason why it should be
placed there.

Brightly in his Treatise, sect. 744, says, " the courts which are
invested with equitable jurisdiction, being, by the Constitution,
courts of record, these decrees have the same effect, as to lien,
&c., as judgments at common law."  This was long prior to the
Act of 1859, on the subject.

The Act of 1840, whose provisions were extended to judgments
of the Supreme Court by Act of the 2d of April 1841, Pamph. L.
142, Purd. Dig. 822, is said by Church, J., in Reid *v.* Northwestern
Railway Co., 8 Casey 258, to be a " remedial law and should be
liberally construed," and Chief Justice AGNEW cites this expression
in Knauss's Appeal, 2 Grant 423, with approbation.  It is submitted
therefore that the act included decrees for money merely, and they
were transferable like judgments at law before the Act of 1859.

2.  The Act of 29th March 1859, Pamph. L. 289, Purd. Dig., tit.
Eq., 68, is a remedial statute, and its plain purpose and intent is, to
place decrees in equity for money merely, upon precisely the same
legal footing as judgments at law.  They " shall be and constitute
a lien," " *in the manner*," " *and with the same force and effect*,"
" as the lien of judgments."  A part of the force and effect of
the lien of a judgment is its liability to transfer to another county.
Its entry in the judgment docket, on the law side of the court, ren-
ders it to all intents and purposes a judgment on that side of the
court.  " The like remedy, by scire facias, *or otherwise*, for the
revival and continuance of the said lien," disclose the same inten-
tion.  And when the reason and spirit of the statute is considered,
nothing can be thought of as a reason why the power to transfer
should not be included.  Decrees for money were in like need of
such remedy as judgments, and the remedy by transfer must apply
alike to both.

In Groves's Appeal, 18 P. F. Smith 146, Judge SHARSWOOD,
speaking of this act, says : " Decrees by courts of equity are put
on the same footing as judgments in the common law."

*D. B. & G. G. Kurtz* and *S. Schoyer, Jr.*, for defendants in

[Brooke *v.* Phillips.]

error.—Before the Act of 16th April 1840, judgments had no transferable qualities; they were liens in the county in which they were obtained, but not elsewhere. That act limited the power of transfer to judgment obtained in any District Court or Court of Common Pleas, and the Act of 2d April 1841 extended its provisions to the judgments rendered in the Supreme Court. But the provisions of that statute have never been extended to the judgments rendered at Nisi Prius.

The Act of 1859 does not give to decrees in equity such transferable quality. It only gives to them the force and effect judgments possessed before the Act of 1840. They shall constitute a lien on the real estate, in the *manner*, for the *like period*, and with the same force and effect, as the lien of judgments rendered in common-law courts, and shall be entered in like manner in the judgment or lien docket of the proper county. Thus far, certainly, the act contemplates the ordinary judgment, and limits the lien of the decree to the county in which the decree is entered. Then can it be said that this act confers by implication an incident to that decree, which it required a special statute to give to a common-law judgment, and in the face of this limitation? In this statute the lien is expressly confined to the county.

In Hallman's Appeal, 6 Harris 311, Judge LEWIS says: "The lien has always been held to be confined to the real estate situate in the county where the award is entered." It is to be observed that the Act of 1859 does not make a decree in equity a judgment. It is to have *some* of the incidents which judgments have; only, however, in respect to lien, duration and revival and continuance. It is not deprived of its own characteristics, nor does it acquire any of the incidents of a judgment not enumerated.

Mr. Justice PAXSON delivered the opinion of the court, January 2d 1877.

This record presents the single question whether a decree of a court of equity for the payment of money may be transferred to another county for the purposes of lien and execution as in the case of a judgment at law. On the 3d of March 1870, a decree was entered at Nisi Prius against the defendants for the sum of $246,-668.04. On the same day said decree was entered in the usual form of a judgment in the judgment index upon the common-law side of the court. Upon the following day the defendants appealed from the decree at Nisi Prius to the Supreme Court in banc. No bail was entered upon the appeal, bail having been waived by agreement of counsel in writing. The decree was practically *pro forma*, having been entered by the judge at Nisi Prius without argument. After the appeal was taken, to wit, on the 21st of March 1870, an exemplification of the record was filed in the Common Pleas of Lawrence county. On the 8th day of May 1871, this court re-

[Brooke *v.* Phillips.]

versed and modified the decree at Nisi Prius, reducing the amount thereof to $62,489.53. In March 1875, a writ of scire facias was issued out of the Common Pleas of Lawrence county to continue the lien of the original decree upon the lands of the defendants in that county. In addition a *testatum fi. fa.* was issued out of the appropriate court in Philadelphia to Lawrence-county for the amount of the final decree. On the 24th of May 1875 the defendants obtained a rule in the Common Pleas of Lawrence county to show cause why the exemplification filed in that county should not be stricken off, and upon the 23d of October 1875 the said court entered a *pro forma* decree making said rule absolute. This action of the court is assigned for error.

The first sect. of the Act of 16th April 1840 (Pamph. L. 40, Purd. 821), provides that " in addition to the remedies now provided by law, hereafter any judgments in any District Court or Court of Common Pleas in Pennsylvania may be transferred from the court in which they are entered, to any other District Court or Court of Common Pleas in this Commonwealth, by filing of record in said other court a certified copy of the whole record in the case," &c. The 11th section of the Act of 2d April 1841 (Pamph. L. 142, Purd. 822) extends the provisions of the above act to "judgments rendered in the city and county of Philadelphia, in the Supreme Court for the Eastern District of Pennsylvania."

Is a decree of a court of equity a " judgment" in the sense in which that word is used in the Act of 1840 ? If not there was no authority for filing this exemplification in Lawrence county. If the right exists it must be by virtue of the Act of 1840. The distinction between the judgment of a court of law and the decree of a court of equity is too obvious to require comment. By a judgment at law we understand a judgment for the payment of money. A decree in equity may or may not be for the payment of money. It may be to do, or to abstain from doing a variety of acts having no relation to the payment of money. It is true that a decree for the payment of money is now put upon the footing of a judgment at law so far as relates to lien and revival. The first section of the Act of 29th of March 1859 (Pamph. L. 289, Purd. 601) provides that " decrees in equity, for the payment of money, shall be and constitute a lien on the real estate of the defendants or debtors named in the said decree, in the manner, for the like period, and with the same force and effect as the lien of judgments rendered by and in the common-law courts of this Commonwealth, and shall be entered in like manner in the judgment or lien docket of the proper county ; and the complainant or plaintiff in such decree shall have the like remedy, by writ of scire facias or otherwise, for the revival and continuance of the said lien as is prescribed by existing laws for the continuance of the lien of such judgments," &c. This Act does not, and was not intended to do more than to give a decree in

[Brooke *v.* Phillips.]

equity the force and effect of a common-law judgment as to *lien and revival* when entered in the judgment or lien docket *of the proper county.* It does not become a common-law judgment. It has only the force and effect of one for certain purposes. There is not a word in the act to indicate even a glimmering of intention to give such decree the force and effect of a judgment for the purpose of transfer to another county. Nor can we see anything in the Act of 1840 which could be held by any fair rule of construction to include a decree in equity. As before observed, a judgment at law is a judgment for money. Hence the Act of 1840 says *all* judgments may be transferred, &c. To hold that this includes all decrees in equity would be a manifest absurdity. If the legislature meant to include all decrees for the payment of money, they would probably have said "all judgments and all decrees in equity for the payment of money." But nothing of the kind appears either by the express terms of the act, or by necessary implication. While, as was observed in Reid *v.* Northwestern Railway Co., 8 Casey 258, "the law is a remedial one in express terms, and should be liberally construed," we cannot add to the act. That would be legislation, not construction.

A judgment was not a lien at common law. In England the lien results from the fact of lands being subjected by statute to be taken in execution : Price on Limitations and Liens 276. Decrees in equity, by the Act of 1859, are placed upon the same footing as judgments, so far as relates to a lien on real estate, in the proper county. But it does not say that they may be transferred to another county for the purpose of lien or otherwise. In the absence of such legislation, the transfer of this decree to Lawrence county was wholly without authority of law. This view of the case renders it unnecessary to discuss the effect of the appeal upon the lien of the judgment.

Judgment affirmed.